IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CK DFW PARTNERS LTD., et al., §
                               §
               Plaintiffs,     §
                               §  Civil Action No. 3:06-CV-1598-D
VS.                            §
                               §
CITY KITCHENS, INC., et al.,   §
                               §
               Defendants.     §

MEMORANDUM OPINION
AND ORDER

In this lawsuit alleging statutory and common law tort and
contract claims arising from the acquisition of a franchise, the
court must decide whether contractual forum selection and choice-
of-law clauses are enforceable and mandate that the case be
litigated in California. Concluding that the clauses are
enforceable, the court dismisses this case without prejudice to
being refiled in California.

I

Plaintiffs CK DFW Partners Ltd. ("CK DFW"), Steven L. Aupperle
("Aupperle"), and Scott Gerrish ("Gerrish") sue defendants City
Kitchens, Inc. ("City Kitchens"), CK Franchise Systems, Inc. ("CK
Franchise"),[1] and Craig B. Albert ("Albert") to recover on claims
for violations of Federal Trade Commission ("FTC") Franchise Rule
16, 16 C.F.R. § 436.1 *et seq.* (2007); the Texas Business
Opportunity Act ("TBOA"), Tex. Bus. & Com. Code § 41.001 *et seq.*

_____

[1]Defendant has adduced evidence that City Kitchens was
dissolved after CK Franchise was created, and no longer exists.

(Vernon 2002), *as amended by the* Business Opportunity Act, 2007 Tex. Sess. Law Serv. Ch. 885 (H. B. 2278) (Vernon); and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (Vernon 2002 & Supp. 2007); for breach of contract; for fraud; and for a declaratory judgment arising from the acquisition of a franchise. CK Franchise is a franchisor of a high-end catering business that provides catered meals to local businesses. It licenses the rights to open City Kitchen franchises, and it assists in setting up the franchises in exchange for an initial franchise fee and royalty.

CK DFW and CK Franchise entered into two contracts: a "Franchise Agreement" and a "Regional Director Marketing Agreement" ("Director Agreement"). Aupperle and Gerrish guarantied the Agreements.[2] The Agreements contain virtually identical forum selection clauses that require that disputes arising out of or relating to the Agreements be litigated in California. The relevant clause in the Director Agreement provides:

> [t]he parties agree that (i) all disputes arising out of or relating to this Agreement which are not resolved by negotiations or mediation, and (ii) all claims covered by the mediation exception, shall be brought in the Superior Court of California located closest

---

[2]Plaintiffs do not appear to dispute that Gerrish and Aupperle (as guarantors or on some other basis) are in their individual capacities subject to the Agreements' forum selection clauses. They have therefore waived any challenge to the California forum on that basis.

to the Company's headquarters . . . .[3]

Ds. App. 38.  The Agreements also contain choice-of-law provisions

that require that California law be applied to certain disputes.

The Director Agreement provides, in relevant part:

> [e]xcept when this Agreement calls for the application of Local Laws, the parties agree that California law shall govern the construction, interpretation, validity and enforcement of this Agreement and shall be applied in any mediation or judicial proceeding to resolve all disputes between them . . . .[4]

*Id.*

Plaintiffs allege that, after they entered into the

Agreements, they discovered a number of misrepresentations and

material omissions in the Uniform Franchise Offerings Circular

("UFOC") that defendants presented to them.[5]  They filed the

instant lawsuit, invoking the court's diversity jurisdiction.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) or

(3), contending that the Agreements' forum selection clauses make

venue improper in Texas.  They also move under Rule 12(b)(2) to

dismiss Albert from the suit for lack of personal jurisdiction.

---

[3]The Franchise Agreement contains slightly different language, using the phrase "described in subparagraph B" instead of "covered by the mediation exception."  Subparagraph B of the Franchise Agreement contains the mediation exception. *See* Ds. App. 99.

[4]The Franchise Agreement contains substantially similar language in its choice-of-law clause. *See id.*

[5]The UFOC format is the method for complying with FTC disclosure requirements. *See* 16 C.F.R. § 436.1 *et seq.*

Plaintiffs oppose the motion, and they move to compel Albert to appear in Dallas for questioning related to possible jurisdictional contacts with the state of Texas.[6]

## II

The court need only address defendants' motion to dismiss the complaint based on the forum selection and choice-of-law clauses contained in the Agreements.

### A

In this circuit, a motion to dismiss based on a forum selection clause is properly brought under Rule 12(b)(3) (improper venue). *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901-02 (5th Cir. 2005) ("Because our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause, we need not decide whether a Rule 12(b)(1) motion would be appropriate") (citations omitted). When the court considers a motion to dismiss based on a forum selection clause, it applies the standard set out in *M/S Bremen and Unterweser Reederei, GmBH v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).[7] *See, e.g.,*

---

[6]The court permitted defendants to respond to the motion to compel when they filed their reply brief in support of their motion to dismiss. Plaintiffs have not asked the court for leave to file a reply brief in support of their motion to compel, and the court has determined that a reply brief is unnecessary.

[7]Defendants erroneously argue that Texas or California law controls the question whether a forum selection clause is enforceable. In this circuit, however, the "proper law to apply to such questions is federal, whether jurisdiction is based on diversity, a federal question, or some combination of the two."

*Bonded Inspections, Inc. v. Northrup Grumman Corp.*, 1998 WL 185518, at *2 (N.D. Tex. Apr. 10, 1998) (Fitzwater, J.) (addressing dismissal or transfer under 28 U.S.C. § 1406(a)). Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Launey v. Carnival Corp.*, 1997 WL 426095, at *1 (E.D. La. July 25, 1997) (internal quotation marks omitted) (quoting *M/S Bremen*, 407 U.S. at 1).

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation,* 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen*, 407 U.S. at 12-13, 15, 18)). The party who seeks to avoid application of a forum selection clause "bears a heavy burden of proof justifying its avoidance." *Launey*, 1997 WL 426095, at *2.

---

*See Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997) (citing *Jones v. Weibrecht*, 901 F.2d 17, 18-19 (2d Cir. 1990); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512-13 (9th Cir. 1988); *Bryant Elec. Co. v. City of Fredericksburg*, 762 F.2d 1192, 1196-97 (4th Cir. 1985)).

Plaintiffs rely on several contract-based theories to argue that the Agreements' forum selection clauses should not be enforced. They also posit that enforcement of the forum selection and choice-of-law clauses would be unreasonable under *M/S Bremen*.

B

Plaintiffs' contract-based theories pertain to the applicability of the forum selection clauses and rely on an analysis of the terms of the contracts under state law.[8] Before turning to the merits of plaintiffs' contract-based theories, the court must first address the threshold question of which state's substantive law governs the court's interpretation of the Agreements.

"A diversity court applies the choice-of-law rules of the state in which it sits." *Interfirst Bank Clifton v. Fernandez*, 844 F.2d 279, 285 (5th Cir. 1988) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1195 (5th Cir. 1985)). Because this court sits in Texas, it applies Texas choice-of-law rules. "Texas choice-of-law rules recognize valid choice-of-law clauses." *Id.* (citing*, inter alia*, *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)). Because the court determines below that the Agreements' choice-of-law clauses are valid and enforceable, and that they direct the

---

[8]Although federal law governs the enforceability of an otherwise valid forum selection clause, threshold questions concerning whether a forum selection clause is triggered or is somehow nullified under the other terms of the contract is a question governed by the applicable state law.

- 6 -

court to apply California law, the court applies the California law of contracts in addressing plaintiffs' contract-based theories.[9]

In doing so, the court's principal focus is to ascertain "the mutual intention of the parties at the time the contract is formed." *Palmer v. Truck Ins. Exch.*, 988 P.2d 568, 572 (Cal. 1999) (internal quotation marks omitted) (quoting *AIU Ins. Co. v. Superior Court*, 799 P.2d 1253, 1264 (Cal. 1990)) (addressing insurance policy). If the language of the contract "is clear and explicit, it governs." *Id.* (internal quotation marks omitted). Moreover, the court, when interpreting a contractual provision, must give its terms their "'ordinary and popular sense' unless 'used by the parties in a technical sense or a special meaning is given to them by usage.'" *Id.* (quoting *AIU Ins. Co.*, 799 P.2d at 1264). The court also must interpret the terms "in context" and give effect "'to every part'" of the contract with "each clause helping to interpret the other.'" *Id.* (quoting *Bank of the W. v. Superior Court*, 833 P.2d 545, 552 (Cal. 1992)). A provision is ambiguous "*only* if it is susceptible to two or more reasonable constructions despite the plain meaning of its terms within the context of the [agreements] as a whole." *Id.* (emphasis in original) (citing *Foster-Gardner v. Nat'l Union Fire Ins. Co.*, 959 P.2d 265, 272-73 (Cal. 1998)).

---

[9]As the court notes below, however, the question whether a choice-of-law clause is enforceable is one of federal law.

C

Plaintiffs first argue that the Agreements are contracts of adhesion.[10] They maintain that the Agreements are form contracts that are part of a "fill in the blanks" system that defendants drafted. Ps. Br. 3. Plaintiffs attempt to support this conclusion by positing that they had little or no input or control over any provisions except the basic ones, including term, price, and territory.[11] They do not, however, make clear the relevance of their assertion that the Agreements are contracts of adhesion, except insofar as they contend later in their brief that any ambiguities in a contract of adhesion should be strictly construed against defendants as the drafters.[12]

---

[10]Plaintiffs' contract-based theories are largely conclusory and inadequately supported by relevant legal authority, argumentation, or factual allegations. Accordingly, these arguments do not warrant extensive discussion by the court.

[11]Plaintiffs do not appear to assert this argument as an independent basis for denying defendants' motion, but instead simply for purposes of arguing that any ambiguity should be strictly construed against defendants. To the extent plaintiffs are attempting to assert this argument as an independent argument, the court rejects it as unsupported. *See Carnival Cruise Lines*, 499 U.S. at 585 (declining to adopt appellate court's determination that non-negotiated forum selection clause in form ticket contract is never enforceable); *Armendariz v. Found. Health Psychcare Serv., Inc.*, 6 P.3d 669, 767 (Cal. 2000) (holding that contract of adhesion is enforceable absent other factors, such as unconscionability, that render it unenforceable).

[12]Ambiguity in a standard form contract is generally resolved against the party who drafted it. *E.g., Victoria v. Superior Court*, 710 P.2d 833, 834 (Cal. 1985); *Baker v. Sadick* 162 Cal. App. 3d 618, 625 (1984) (citing *Steven v. Fid. & Cas. Co.*, 58 Cal. 2d 862, 883 (1962)).

Under California law, a contract of adhesion is generally defined as "'a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" *Armendariz v. Found. Health Psychcare Serv.*, *Inc.*, 6 P.3d 669, 767 (Cal. 2000) (quoting *Neal v. State Farm Ins. Cos.*, 188 Cal. App. 2d 690, 694 (1961)). "[A] contract of adhesion, however, is fully enforceable according to its terms . . . unless certain other factors are present which, under established legal rules-legislative or judicial-operate to render it otherwise." *Perdue v. Crocker Nat'l Bank*, 702 P.2d 503, 511 (Cal. 1985) (internal quotation marks omitted) (quoting *Graham v. Scissor-Tail, Inc.*, 623 P.2d 165, 172 (Cal. 1981)).

The court acknowledges that forum selection clauses contained in form contracts are, as a general matter, "subject to judicial scrutiny for fundamental fairness." *Carnival Cruise Lines*, 499 U.S. at 595. But plaintiffs have failed to demonstrate that the Agreements are adhesion contracts, and they offer virtually no authority and assert few facts in support of their contentions. Plaintiffs do not refer to any relevant legal standard; they simply posit that the contracts are "part of a 'fill in the blanks' system of contracts, drafted by Defendants" and that "[p]laintiffs had little or no input or control over any except the basic terms." Ps. Br. 3 (citing *Gerrish Aff.*, Ps. App. 4, ¶8). These conclusory

and unsupported allegations are insufficient to establish that the Agreements are contracts of adhesion.

Moreover, even assuming *arguendo* that plaintiffs have adequately demonstrated that the Agreements are contracts of adhesion, it does not effect the court's reasoning. As the court holds below, plaintiffs have failed to raise any interpretive ambiguity in the Agreements that would warrant application of the rule of construction just discussed.

## D

Plaintiffs next argue that defendants failed to satisfy certain mandatory mediation clauses contained in the Agreements, and that this failure precludes enforcement of the forum selection clauses.[13] They maintain that the contractual forum restrictions are removed by § 21.1(i) of the Director Agreement and § XII(9) of the Franchise Agreement, which both provide, in relevant part:

> [i]f one party breaches this Agreement by refusing to participate in the mediation proceeding in accordance with this Agreement . . . the non-breaching party may immediately file suit *and take such other action to enforce its rights as permitted by law*.

Ds. App. 37, 97 (emphasis added). Plaintiffs posit that the "open-ended" phrase "as permitted by law" vitiates any restrictions imposed by the forum selection clauses, and that any interpretive ambiguity in this regard should be strictly construed against

_____

[13]The court will assume for purposes of this decision that defendants did not fulfill their contractual duty to mediate.

defendants because the Agreements are form adhesion contracts.

Assuming *arguendo* that the Agreements are form adhesion contracts, the court discerns no interpretive ambiguity, and it rejects plaintiffs' conclusory and unsupported argument that § 21.1(i) of the Director Agreement and § XII(9) of the Franchise Agreement can reasonably be construed as exceptions to the mandatory forum selection clauses.[14]  As noted, a contractual provision is ambiguous "only if it is susceptible to two or more reasonable constructions despite the plain meaning of its terms within the context of the [agreements] as a whole." *Palmer*, 988 P.2d at 572.  Here, the terms of the forum selection clauses provide that

> all disputes arising out of or relating to this Agreement which are not resolved by negotiations or mediation, and (ii) all claims covered by the mediation exception, *shall be brought* in the Superior Court of California located closest to the Company's headquarters . . . .[15]

Director Agreement, Ds. App. 38 (emphasis added).  Plaintiff has

---

[14]"Forum selection clauses may be classified as either mandatory or permissive.  Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." *Von Graffenreid v. Craig,* 246 F.Supp.2d 553, 560 (N.D. Tex. 2003) (Kaplan, J.) (citations omitted).  In this case, the language of the clauses establishes that they are mandatory.

[15]As noted *supra* at note 3, the Franchise Agreement contains slightly different language, using the phrase "described in subparagraph B" instead of "covered by the mediation exception." Subparagraph B of the Franchise Agreement contains the mediation exception.  Ds. App. 99.

not adequately shown that § 21.1(i) of the Director Agreement and § XII(9) of the Franchise Agreement relieve the non-breaching party of its obligation *to file suit* only in the designated forum. Although failure to mediate may conceivably support an independent claim for breach of contract, that claim must be litigated in the contractually-specified forum under the terms of the Agreements. Plaintiffs have not established how, under the terms of the contracts, defendants' purported failure to mediate vitiates the contractual obligation to file suit in a California forum. Applying principles of California contract law, the court therefore rejects the contention that the terms of the Agreements can reasonably be interpreted to provide that a party's putative failure to mediate nullifies the forum selection clauses.

E

Plaintiffs offer——again in conclusory fashion——several other related contract-based arguments to support their position. They maintain that defendants' knowing and purposeful refusal to mediate constitutes an express waiver of the Agreements' forum selection clauses. Alternatively, they contend that such conduct amounts to an implied waiver, or at least raises a fact question as to whether a waiver occurred. Plaintiffs also argue that defendants should be estopped from availing themselves of the forum selection clauses; satisfaction of the mediation provision is a condition precedent to the forum selection clauses, the failure of which excuses further

performance; and defendants' failure to mediate is a material breach of the Agreements that excuses further performance.

Plaintiffs also contend that defendants' alleged refusal to mediate renders the forum selection clauses impossible to perform. They maintain that impossibility of performance that arises directly or indirectly from the acts of the one insisting on performance excuses performance by the other party. Plaintiffs posit that the forum selection clauses state, in relevant part, that "all disputes arising out of or relating to this Agreement *which are not resolved by negotiations or mediation* . . . shall be brought in the Superior Court of California." Ds. App. 38, 99 (emphasis added). They argue that because defendants failed to mediate, plaintiffs were denied an opportunity to resolve their disputes by mediation.

Applying principles of California contract law to plaintiffs' remaining contract-based arguments, the court rejects each one. Plaintiffs have not adequately explained how defendants' alleged refusal to mediate constitutes a waiver of their right to avail themselves of the forum selection clauses or somehow estops them from relying on the clauses. They offer virtually no argument in support of this position; they simply assert that defendants' refusal to mediate constitutes a waiver of the forum selection clauses. Concluding that plaintiffs have stated no basis for finding a waiver under these circumstances, the court rejects this

contention as unsupported.

Moreover, plaintiffs have not demonstrated how the mediation clauses are conditions precedent, the failure of which vitiates the forum selection clauses. Citing no particular contractual terms, plaintiffs simply posit that "[b]y the clear wording of the Dispute Resolution Agreement, satisfying the requirements of the mediation provision is a condition precedent to the forum selection clause." Ps. Br. 5. This is patently insufficient. A party cannot overcome the presumption of validity that attaches to a forum selection clause by stating a legal conclusion that is unsupported by argument, adequate citations to legal authority, and relevant factual allegations. Nor have plaintiffs demonstrated in their one-sentence argument how defendants' refusal to mediate is a material breach that vitiates the forum selection clauses.[16]

Additionally, plaintiffs have not established the defense of impossibility of performance of the forum selection clauses. Plaintiffs posit that the forum selection clauses apply only to disputes "which are not resolved by negotiations or mediation." Ps. Br. 6. They contend that because defendants failed to mediate, plaintiffs were denied the opportunity to resolve any dispute by

---

[16]If a material breach of a contract were deemed to excuse further performance of the contract's forum selection clause, forum selection clauses could essentially be rendered meaningless in actions for breach of contract. The determination of the forum in which the dispute is to be litigated would be inextricably linked to the merits of the case itself.

mediation, and they conclude that this renders the forum selection clauses impossible to perform.

The court disagrees. Plaintiffs have not adequately explained, must less established, that performance of the forum selection clauses is impossible in this case. *See Oosten v. Hay Haulers Dairy Employees & Helpers Union*, 291 P.2d 17, 20 (Cal. 1956) (holding that burden of establishing defense of impossibility of performance rests on party asserting it); *City of Vernon v. City of Los Angeles*, 290 P.2d 841, 845-47 (Cal. 1955) (holding that performance is legally impossible when it can only be done at an excessive and unreasonable cost). And the unambiguous terms of the forum selection clauses provide that they apply to disputes arising out of or relating to the Agreement that are not resolved by negotiations or mediation. Thus even assuming that defendants refused to mediate a dispute arising out of or relating to the Agreements, the underlying (and resulting) dispute falls squarely within the plain terms of forum selection clauses, which apply to disputes that "are not resolved by negotiations or mediation." Ds. App. 38, 99.

For these reasons, the court rejects all of plaintiffs' contract-based theories as insufficiently supported, and it declines to hold that the forum selection clauses are invalid or otherwise inapplicable on this basis.

III

Plaintiffs also argue that the forum selection and/or choice-of-law clauses are invalid under either the public policy or "grave inconvenience" exceptions.

A

Under these exceptions, a forum selection clause will not be enforced if enforcement would contravene a strong public policy of the forum state, or if the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum. *See Haynsworth,* 121 F.3d at 963 (citations omitted).

B

1

Plaintiffs first posit that enforcement of the California choice-of-law provision[17] in the Agreements effectively constitutes a "waiver" of plaintiffs' DTPA claim, in derogation of the DTPA's anti-waiver provision, and therefore conflicts with Texas public

---

[17]In this circuit, federal law also determines whether a choice-of-law provision is enforceable. *See Haynsworth*, 121 F.3d at 962 (applying the *M/S Bremen* test to determine enforceability of forum selection and choice-of-law clauses); *see also Taisheng Int'l, Ltd. v. Eagle Maritime Servs., Inc.*, 2006 WL 846380, at *2 (S.D. Tex. Mar. 30, 2006) (citing *Haynsworth*, 121 F.3d at 962). Like forum selection clauses, choice-of-law clauses are presumptively valid. They are generally upheld if reasonably related to the transaction, and the chosen law is not contrary to the fundamental policy of the forum. *See Tjontveit v. Den Norske Bank ASA*, 997 F. Supp. 799, 805 (S.D. Tex. 1998) (citing *Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990), and *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997)).

policy, as expressed by the statute.  Section 17.42 of the DTPA
provides, *inter alia,* that "[a]ny waiver by a consumer of the
provisions of this subchapter is contrary to public policy and is
unenforceable and void" unless it meets certain requirements.  Tex.
Bus. & Comm. Code. Ann. § 17.42(a) (Vernon 2002).  Plaintiffs also
maintain that they would be denied protection under the California
Franchise Investment Law ("CFIL")——which is analogous to the DTPA
in that it provides remedies of damages and rescission for
violations of certain anti-fraud and registration
requirements——because CFIL's protections do not apply to out-of-
state franchisees.  *Id.*[18]  CFIL establishes, in relevant part, that
the sale of a franchise to a

> resident of another state shall be exempted
> from [registration and anti-fraud provisions
> of the CFIL] if all locations from which
> sales, leases or other transactions between
> the franchised business and its customers are
> made, or goods or services are distributed,
> are physically located outside [California].

Cal. Corp. Code Ann. § 31105 (West 2006).  Plaintiffs appear to
suggest that enforcement of the California choice-of-law clause
would contravene a Texas public policy as expressed by the DTPA's
anti-waiver provisions.

---

[18]Plaintiffs confine their arguments to the public policy and
"grave inconvenience" elements.  They do not explicitly rely on the
argument that the "fundamental unfairness of the chosen law will
deprive the plaintiff of a remedy."  *Haynsworth*, 121 F.3d at 963
(citing *Carnival Cruise Lines*, 499 U.S. at 595; *M/S Bremen*, 407
U.S. at 12-13, 15, 18).  Accordingly, the court will not address
that element.

Defendants reply that plaintiffs agreed that California law governed their dispute, and they imply that by registering their franchise offerings under the CFIL, they triggered the protections of that law.[19] Defendants posit that there is no reason a California court would not honor the Agreements' California choice-of-law provision and apply California law——including the anti-fraud and registration provisions of CFIL——to the instant dispute. Defendants also contend that plaintiffs will be afforded the same rights and remedies in California that they would otherwise have in Texas, and that honoring the choice-of-law provision will not violate Texas public policy.

2

As noted, plaintiffs bear the burden of establishing that enforcement of the forum selection and choice-of-law clauses would be unreasonable. They essentially argue that applying California law would violate Texas public policy by depriving them of their right to sue under the DTPA. But the mere deprivation of a right to sue under the DTPA is not a sufficient basis for holding enforcement of a forum selection or choice-of-law clause unreasonable. This is because all "[c]hoice of law and forum in contracts have the incidental effect of preventing one party from

_____

[19]Defendants argue that Cal. Corp. Code Ann. § 31105 does not preclude application of the CFIL when the franchisor registers its offerings thereunder and contractually agrees that the CFIL applies to the transaction.

getting to use the laws of all the excluded jurisdictions."
*Haynsworth v. Lloyd's of London*, 933 F. Supp. 1315, 1323 (S.D. Tex.
1996). "Contractually selecting a forum for future litigation is
not an impermissible waiver of rights and does not violate public
policy . . . ." *Id.* (citations omitted). Contract provisions
directing that suit be filed in California and that the laws of
California are applied do not constitute an impermissible waiver of
rights in violation of public policy under § 17.42 of the DTPA.
*See, e.g., id.* (holding that choice-of-law and forums selection
clauses requiring that plaintiffs' claims be brought in England
were not invalidated by anti-waiver provision of § 17.42); *see also*
*Hoffman v. Burroughs Corp.*, 571 F. Supp. 545, 550 (N.D. Tex. 1982)
(Sanders, J.) ("[T]o the extent that policies of DTPA might be
implicitly contravened by enforcing a forum selection clause, that
policy would be oriented towards protecting ordinary consumers, as
compared to knowledgeable, experienced businessmen").

Plaintiffs also contend that the CFIL provides for remedies of
damages and rescission for violation of its anti-fraud and
registration requirements that are analogous to the relief
available under the DTPA and TBOA. They maintain that they will
not be able to obtain relief under the CFIL.

Plaintiffs have not established that the CFIL's exemption for
sales of franchises to out-of-state franchisees applies in this
case. They merely recite the text of the statute and make the

conclusory assertion that they would be denied protection under California law.[20]  Defendants have set out facts, however, that suggest that they registered the franchise offering under the CFIL, and defendants appear to concede that CFIL is applicable in this case.  But even if the court assumes that the CFIL exemption would deny plaintiffs a remedy under the CFIL, plaintiffs have failed to show how such a denial supports the conclusion that enforcement of the forum selection and/or choice-of-law clauses would contravene a strong *Texas* public policy.

Plaintiffs have therefore failed to overcome the presumption of validity that attaches to forum selection and choice-of-law clauses.

C

Plaintiffs also argue that, as a result of defendants' wrongful conduct, they are financially unable to litigate their claims in California.  They contend that this constitutes a valid reason under the second exception set out in *M/S Bremen* for the court to refuse to enforce the forum selection clauses.  Plaintiffs are presumably referring to the principle that a forum selection clause may be unenforceable if the "party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the

_____

[20]Plaintiffs' reliance on *FF Orthotics, Inc. v. Paul*, 2006 WL 1980270, at *2 (Cal. App. 4th Dist. July 17, 2006), is misplaced. That case merely explains the meaning of § 31005 of the CFIL.

selected forum." *See Haynsworth*, 121 F.3d at 963 (quoting *M/S Bremen*, 407 U.S. at 18). Defendants reply that the affidavit of Scott Gerrish ("Gerrish") is self-serving and conclusory, and that it fails to demonstrate that any actual or projected additional expenses that may be incurred by litigating in California are so grave as effectively to deny plaintiffs their day in court.

Plaintiffs have failed to meet their heavy burden on this issue. "If additional costs or inconveniences are to present a barrier to enforcement of a forum-selection clause, they must be so grave that they create a situation where the plaintiff 'will for all practical purposes be deprived of his day in court.'" *Pugh v. Arrow Elec., Inc.*, 304 F.Supp.2d 890, 895 (N.D. Tex. 2003) (Solis, J.) (citations omitted). Plaintiffs rely solely on ¶ 3 of the Gerrish affidavit, in which Gerrish avers that as a result of "extra and undisclosed costs," neither the business nor Gerrish or Aupperle "has the wherewithal to litigate this case in California." Ps. App. 2. This conclusory assertion is plainly insufficient. Plaintiffs have not offered persuasive evidence that enforcement of the forum selection clauses and litigation of this case in California rather than Texas would result in "grave inconvenience" that would effectively deny them their day in court.

The court therefore rejects plaintiffs' attempts to defeat defendants' motion based on this basis.

* * *

The court concludes that the forum selection and choice-of-law clauses contained in the Agreements should be enforced. It therefore grants defendants' January 5, 2007 motion to dismiss and dismisses this action without prejudice to plaintiffs' refiling suit in accordance with the dictates of the forum selection clauses.[21] In view of this ruling, the court need not decide defendants' Rule 12(b)(2) motion to dismiss Albert from the suit for lack of personal jurisdiction, and it denies plaintiffs' motion to compel Albert to appear for deposition.

**SO ORDERED.**

August 17, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[21]If the case were to be filed in California *federal* court, this court would be authorized under 28 U.S.C. § 1406(a) to transfer the case, in the interest of justice, in lieu of dismissing it. Here, however, the forum selection clauses provide that the lawsuit must be brought in the Superior Court of California.