```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF TEXAS
                 DALLAS DIVISION

CK DFW PARTNERS LTD., et al.,   §
                                §
                   Plaintiffs,  §
                                § Civil Action No. 3:06-CV-1598-D
VS.                             §
                                §
CITY KITCHENS, INC., et al.,    §
                                §
                   Defendants.  §
```

MEMORANDUM OPINION
AND ORDER

Defendants' application for attorney's fees requires the court to decide whether under California law a party to a contract who obtains dismissal of a case based on a contractual forum selection clause, but has not yet prevailed on a merits issue, can be a "prevailing party" for purposes of recovering attorney's fees under the contract. Concluding that a party who is merely successful in enforcing a contractual forum selection clause—but has not yet obtained "greater relief" on the merits—is not a "prevailing party," the court denies without prejudice defendants' application for attorney's fees.

I

Plaintiffs CK DFW Partners Ltd. ("CK DFW"), Steven L. Aupperle, and Scott Gerrish sued defendants City Kitchens, Inc. ("City Kitchens"), CK Franchise Systems, Inc. ("CK Franchise"),[1] and Craig B. Albert on various claims arising under or related to

---

[1] Defendant adduced evidence that City Kitchens was dissolved after CK Franchise was created, and no longer exists.

two franchise contracts—the "Franchise Agreement" and the "Regional Director Marketing Agreement" ("Director Agreement")—entered into between CK DFW and CK Franchise.[2] Arguing that the forum selection clauses contained in both the Franchise Agreement and the Director Agreement required that plaintiffs assert their claims in the state of California, defendants moved to dismiss under Fed. R. Civ. P. 12(b)(3). The court granted defendants' motion and dismissed the complaint "without prejudice to plaintiffs' refiling suit in accordance with the dictates of the forum selection clauses." *CK DFW Partners, Ltd. v. City Kitchens, Inc.*, 2007 WL 2381259, at *9 (N.D. Tex. Aug. 17, 2007) (Fitzwater, J.).

Defendants now move to recover attorney's fees, relying on the following provision contained in both the Franchise Agreement and the Director Agreement:

> Except as expressly provided in this Agreement, in any action or proceeding brought to enforce any provision of this Agreement or arising out of or in connection with the relationship of the parties hereunder, the prevailing party shall be entitled to recover against the other its reasonable attorneys' fees and costs in addition to any other relief awarded by the court. As used in the Agreement, the "prevailing party" is the party who recovers greater relief in the action.

D. App. 56, 100. Plaintiffs oppose the motion, contending that,

---

[2]For a fuller account of the background facts, see *CK DFW Partners, Ltd. v. City Kitchens, Inc.*, 2007 WL 2381259, at *1 (N.D. Tex. Aug. 17, 2007) (Fitzwater, J.).

even if defendants are "prevailing parties" under the contracts, their refusal to mediate the underlying dispute according to the terms of the two franchise contracts divested defendants of their right to recover attorney's fees. Alternatively, plaintiffs maintain that defendants are not "prevailing parties" because the court dismissed the case without prejudice to refiling in California, and there is currently a pending case in the Central District of California involving substantially the same parties and subject matter.

II

The court need only decide whether defendants' successful efforts to obtain dismissal of this case based on the forum selection clauses makes them "prevailing parties" under the two franchise contracts, thus entitling them to recover attorney's fees.

A

"State law applies in determining whether attorney's fees should be awarded in state-law cases." *Utica Mut. Ins. Co. v. Hickman*, 2001 WL 586689, at *1 (N.D. Tex. May 22, 2001) (Fitzwater, J.) (citing *Specialty Healthcare Mgmt., Inc. v. St. Mary's Parish Hosp.*, 220 F.3d 650, 658 (5th Cir. 2000)). The court has already held in this case that the choice of law provisions in the Franchise Agreement and the Director Agreement are enforceable. *See CK DFW Partners*, 2007 WL 2381259, at *3. The court therefore

applies California law in determining whether defendants are "prevailing parties."

B

Cal. Civ. Code § 1717 (West 1998) governs the recovery of attorney's fees in connection with contract-related disputes.

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs.

§ 1717(a); *see also Hsu v. Abbara*, 9 Cal.4th 863, 865 (1995) ("When a contract contains a provision granting either party the right to recover attorney fees in the event of litigation on the contract, Civil Code section 1717 . . . gives the 'party prevailing on the contract' a right to recover attorney fees, whether or not that party is the party specified in the contract."). In their reply brief, defendants concede that § 1717 governs the question whether they are "prevailing parties" under the Franchise Agreement and Director Agreement.

Section 1717(b) states, in relevant part:

> The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the prevailing party on the contract shall be the party who received a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.
> (2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.

Thus both § 1717 and the attorney's fees provisions in the Franchise Agreement and Director Agreement deem the party receiving "greater relief in the action" as the "prevailing party."

C

Defendants rely on *Winick Corp. v. Safeco Insurance Co. of America*, 187 Cal.App.3d 1502 (Ct. App. 1986), for the proposition that a party need not obtain a ruling on the merits to qualify as a "prevailing party" under § 1717. But *Winick Corp.* involved a different attorney's fees statute from § 1717, and the court looked to cases interpreting § 1717 only for guidance in construing the other statute's use of the term "prevailing party." *Id.* at 1506-08. Although the court concluded that California courts do not require a "final decision on the merits" to qualify as a prevailing party under § 1717, *id.* at 1507, *Winick Corp.*'s holding is not broad enough to support the conclusion that defendants are

"prevailing parties."

In *Winick Corp.*, after granting the defendant's motion to quash service of summons for the plaintiff's failure to return service within three years of filing suit, the trial court dismissed the case with prejudice and then later granted the defendant its attorney's fees. *Id.* at 1504-05. The appellate court rejected the plaintiff's argument that the defendant could not be a "prevailing party" because the dismissal did not involve a ruling on the merits. *Id.* at 1507. But the court noted that the dismissal was with prejudice and had "the effect of a final judgment." *Id.* at 1508. Conversely, in the instant case, the court dismissed the suit for improper venue based on the contracts' forum selection clauses. The court expressly dismissed the suit without prejudice to refiling in California. *See CK DFW Partners*, 2007 WL 2381259, at *9.

Although § 1717(b)(1) allows a party to qualify as a "prevailing party" "whether or not the suit proceeds to final judgment"──a fact the *Winick Corp.* court noted, *see Winick Corp.*, 187 Cal.App.3d at 1507──California courts have construed the California Legislature's placement of the phrase "whether or not the suit proceeds to final judgment" in § 1717 as an attempt to abrogate the holding of *Samuels v. Sabih*, 62 Cal.App.3d 335 (Ct. App. 1976). *See Hsu*, 9 Cal.4th at 830; *Elms v. Builders Disbursements, Inc.*, 232 Cal.App.3d 671, 674 (Ct. App. 1991). In

*Samuels*, after the defendants successfully dismissed the case for want of prosecution, the court denied them a recovery of their attorney's fees under the former version of § 1717, which required a "prevailing party" to obtain a final judgment.[3]  *Samuels*, 62 Cal.App.3d at 336-37, 339.  Concluding that "a judgment is final only when it determines all of the rights of the parties and requires no further judicial action to give effect to its provisions," the court held that the defendants had not obtained a final judgment and thus could not be "prevailing parties" under § 1717.  *Id.* at 339 (quotation marks and brackets omitted).  Thus while § 1717 now permits a party to qualify as a "prevailing party" even if the case does not result in a final judgment, the court discerns no basis to conclude that a party can qualify without securing greater merits relief.

This conclusion is supported by *Commercial Money Center, Inc. v. Hunt*, 2001 WL 1192164 (Cal. Ct. App. Oct. 4, 2001) (unpublished opinion).  In *Commercial Money Center* the court denied attorney's fees under § 1717 to defendants who successfully moved to dismiss an action against them on the basis that the contractual forum selection clause was unenforceable and that personal jurisdiction was improper.  *Id.* at *1-*2.  After noting that the case had been dismissed for lack of jurisdiction and that the plaintiff

---

[3]The plaintiff failed to bring the case to trial within five years of filing suit.  *Samuels*, 62 Cal.App.3d at 337.

subsequently filed a similar suit against the defendants in Maryland, the court held that it could not yet determine which party, if any, had obtained the greater relief in the action, despite the defendants' clear victory on the forum selection clause and personal jurisdiction issues. *Id.* at \*2-\*3. *Commercial Money Center* is factually similar to the instant case, in which the defendants also prevailed on the issue of the enforceability of the forum selection clause. And the court agrees with *Commercial Money Center*'s reasoning that it is premature to determine whether a party has obtained "greater relief in the action" immediately after a suit is dismissed for lack of jurisdiction.

In *Hsu*, a case in which the defendants sought to recover attorney's fees under § 1717, the California Supreme Court stated:

> [W]e hold that in deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on the same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon *final resolution* of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions.

*Hsu*, 9 Cal.4th at 876 (quotation marks omitted and emphasis added). This holding further supports the court's conclusion that whether a party has received "greater relief in the action" cannot be determined until final resolution of the plaintiffs' contract

claims. Of course, it has yet to be determined whether plaintiffs will ultimately succeed or fail in this case on the merits of their claims.

Defendants attempt to distinguish *Commercial Money Center* on the basis that the claims that the parties are now litigating in the suit pending in California are unrelated to the ones that plaintiffs asserted in this case.[4] Defendants contend that the resolution of the case pending in California has no bearing on whether plaintiffs will ultimately prevail on the claims that this court dismissed. The court disagrees.

First, defendants simply assert that the claims being litigated in the California suit are unrelated, without any citation to the record evidence. As the parties seeking to recover attorney's fees, defendants bear the burden of producing sufficient evidence to show they are entitled to this relief. *McKenzie v. Kaiser-Aetna*, 55 Cal.App.3d 84, 88 (Ct. App. 1976) (indicating that party seeking to recover attorney's fees under § 1717 has burden of

---

[4]The *Commercial Money Center* court cautioned, however:

> We express no opinion on whether attorney fees are available under section 1717 when a party to a contract with an attorney fees clause successfully moves for an order quashing service of summons for lack of personal jurisdiction and, unlike here, there is no further litigation between the parties in another forum. Our opinion is confined to the facts of this case.

*Commercial Money Ctr.*, 2001 WL 1192164, at *3 n.5.

proof on issue whether it was prevailing party in action on contract). Part of defendants' prima facie case for recovery of attorney's fees is establishing that they are "prevailing parties" under the Franchise Agreement and Director Agreement. If this determination hinges on whether a pending suit in another jurisdiction implicates the same or similar claims as those dismissed in the instant case, defendants bear the burden of producing evidence on this issue. The court has no proof from which to conclude that the California case is unrelated to the instant case.

Defendants' arguments indicate, however, that the claims being litigated in the California case are in fact related to the claims that this court dismissed. Defendants contend that the claims that this court dismissed are now barred because plaintiffs have failed to assert them as compulsory counterclaims in the California suit. But if the precise claims dismissed by this court are compulsory counterclaims in the California suit, then they must arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" Rule 13(a)(1)(A). Thus defendants' argument that Rule 13 bars plaintiffs from later bringing the claims that were dismissed in this case corroborates that these claims are the same subject matter of the claims in the California suit.

Moreover, even if there were no pending litigation between the

parties, the reasoning of *Hsu* would require the same conclusion because the court would still be unable to determine who received "the greater relief in the action." Plaintiffs' claims were dismissed without prejudice to refiling in California. They can still assert these claims in the future, provided the claims are not barred by the statute of limitations. Defendants have not provided any evidence that plaintiffs' claims that the court dismissed are time-barred.

D

Defendants also cite Cal. Civ. Proc. Code § 1032(a)(4) (West 2007), which provides that "'Prevailing party' includes . . . a defendant in whose favor a dismissal is entered[.]" Because defendants obtained a dismissal and § 1032 does not distinguish between dismissals with prejudice and dismissals without prejudice, defendants argue that they are "prevailing parties" under § 1032. The court agrees that defendants are "prevailing parties" under § 1032, but § 1032 has nothing to do with recovery of attorney's fees. Section 1032 is a provision that entitles a party to recover "costs." § 1032(a)(4). Although a prior version of § 1717 defined "prevailing party" as "the party entitled to recover costs," the California Legislature later amended this provision to read, "the party prevailing on the contract shall be the party who recovered the greater relief in the action." *Hsu*, 9 Cal.4th at 874. Thus defendants' reliance on § 1032 is misplaced.

* * *

For the foregoing reasons, the court holds that defendants are not yet "prevailing parties" under § 1717 and therefore are not entitled to attorney's fees under the Franchise Agreement and the Director Agreement for obtaining dismissal of this suit in this forum. The court therefore denies without prejudice[5] defendants' August 31, 2007 motion for recovery of attorney's fees.

**SO ORDERED.**

March 6, 2008.

                                          _____
                                          SIDNEY A. FITZWATER
                                          CHIEF JUDGE

---

[5]The denial is without prejudice because defendants may later establish in the proper forum that they are prevailing parties.